In the Matter of SHELDON GOLDKLANG, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 27, 1992

**APPEARANCES OF COUNSEL**

*Gary L. Casella (Etta M. Biloon* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee sustained both charges. The petitioner moves to confirm the report of the Special Referee.

Charge One alleged that the respondent has been guilty of conduct prejudicial to the administration of justice which adversely reflects on his fitness to practice law by failing to cooperate with an investigation of the Grievance Committee. A complaint against the respondent was filed with the petitioner in or about June 1989 alleging that the respondent neglected an estate matter and failed to account for about $5,000 of estate funds. On June 19, 1989, the petitioner sent a copy of the complaint to the respondent with a cover letter, requesting that he submit an answer within 10 days. The letter stated that an unexcused failure to reply to the complaint constitutes professional misconduct independent of the merits of the complaint. The respondent failed to answer.

On July 11, 1989, a second letter was sent to the respondent via certified mail. The return receipt card was dated July 12, 1989. The respondent was directed to answer within 10 days and was again advised that failure to reply to the complaint constitutes professional misconduct. The respondent still failed to answer the complaint.

Charge Two alleges that the respondent was guilty of engaging in conduct which adversely reflects on his fitness to practice law, in that he failed to file an affidavit of compliance subsequent to his suspension as required by 22 NYCRR 691.10 (f).

Based on the evidence adduced at the hearing, we find that the Special Referee properly sustained Charges One and Two. The respondent is guilty of the misconduct outlined above. The pattern of noncooperation displayed by the respondent evidences a fundamental lack of respect for the grievance process. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating factors offered by the respondent, including his claims that he was emotionally and physically distraught and his life was, at the time, without direction. We have also considered the respondent's prior disciplinary history, which consists of a Letter of Admonition,

dated May 22, 1987, based on his failure to cooperate with the investigations of the Grievance Committee and the opinion and order of this court, dated March 2, 1990, suspending him for a period of one year. Under the circumstances, the respondent is suspended from the practice of law for a period of two years, effective immediately, and until the further order of this court.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Sheldon Goldklang is suspended from the practice of law for a period of two years, effective immediately, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, should he be so advised, upon furnishing satisfactory proof (a) that during the two-year period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Sheldon Goldklang is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.